Patricio Caraballo Flores, Plaintiff and Appellant, v. Sixto Martínez Ribot, Defendant and Appellee.

No. R-68-71.     Decided January 3, 1969.

*Eugenio Sánchez Ruiz* for appellant. *Eudaldo Báez Galib* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Patricio Caraballo Flores, appellant herein, being a minor, acquired in fee simple on March 30, 1965, a house and lot located in Sábalos Ward, a place known as "Los Manantiales" of Mayagüez. On June 14, 1965, his father leased said property for commercial purposes to appellee, Sixto Martínez Ribot, for a period of 23 months which expired on June 14, 1967 and for a monthly rental of $25. Appellant became of age on December 15, 1966.

On May 17, 1967, that is, a month prior to the expiration of the lease contract, appellant notified to appellee in writing his refusal to extend it.

In July of the same year, appellant filed an action of unlawful detainer against appellee. The defendant answered, alleging, among other defenses, that the extension of the contract was compulsory for plaintiff by virtue of the provisions of the Reasonable Rents Act (17 L.P.R.A. § 192). Applying this act the trial court dismissed the action of unlawful detainer.

Appellant contends that the trial court erred in deciding that the extension was compulsory and in not applying the sections of the Civil Code concerning the rights and properties of minors.

Appellant relies on the fact that pursuant to § 159 of the Civil Code (31 L.P.R.A. § 616)[1] the lease contract executed by his father is void because the term of said contract exceeded that required by appellant to become of age. He alleges further that these provisions of the Civil Code prevail over the Reasonable Rents Act.

The court decided that the Reasonable Rents Act was applicable since it was a special law of public order.[2]

[1] Said section provides:

"§ 616. Alienation or encumbrance of property prohibited

"The exercise of the *patria potestas* does not authorize the father or the mother to alienate or lay any encumbrance upon real property of any class whatever, or upon personal property, the value of which exceeds five hundred dollars, pertaining to the child and which may be under the administration of its parents, without the previous authorization of the part of the Superior Court wherein the property is situated and the demonstration of the necessity and utility of the alienation or encumbrance and in accordance with the provisions of the law relative to special legal proceedings.

"Notwithstanding the prescriptions of the preceding paragraph, no judicial authorization shall be required for the sale of fruits yielded by an agricultural property at its last crop.

"For the execution of contracts for the lease of real property, including those of advances for agricultural purposes and grinding of cane authorized by sections 164–180 of Title 5, covering a longer period than six years, the authorization provided for in the preceding paragraph shall also be required; but in no case shall the contract be entered into nor the authorization granted for a lease covering a period of time in excess to that required by the child, not otherwise incapacitated, to become of age."

[2] Section 192█ of the Reasonable Rents Act Provides:

"§ 192. Compulsory extension of lease

"On the day of expiration agreed upon in a lease contract of a rental property, irrespective of any change of landlord, the lease contract shall be compulsorily extended by the landlord at the option of the tenant without altering any of the clauses thereof, all of which shall be deemed in force. The foregoing is applicable both to written and oral contracts,

We understand that, although on a different ground, the trial court decided correctly.

■ There is no doubt that appellant's father could not lease, even with the authorization of the Superior Court, his son's property for a period in excess of that required by the minor to become of age. However, when the latter attained the age of 21 years, far from rejecting the lease contract for the period which had not yet expired, he accepted it and continued collecting the rental.[3] Appellant admits in his brief that when he attained the age of 21 years, he respected the contract executed by his father. The very letter written by appellant to appellee informing him of the expiration of the contract and refusing to extend it, evidences his implied ratification of said contract. He recognized, then, its force and validity. Although it was voidable as to the excess of the period of the contract, its ratification by appellant was established. Said contract lacked the absolute nullity needed to prevent its ratification. *Carrasquillo* v. *Bertrán*, 26 P.R.R. 516 (1918); *Ruiz* v. *Registrar*, 40 P.R.R. 896 (1930); *Oxios* v. *Registrar*, 39 P.R.R. 404 (1929). See also, *Millán* v. *Caribe Motors Corp.*, 83 P.R.R. 474, 484 (1961). In fact it continued in force until the date of expiration.

■ This being so, the extension was compulsory for appellant pursuant to the provisions of the Reasonable Rents Act irrespective of whether or not this Act prevails over the Civil Code, since it is a special law. Since appellant did not allege or prove any of the exceptions established in § 12-A of the Reasonable Rents Act for refusing the extension, the action of unlawful detainer was untenable.

---

and the extension shall be understood for the periods of time fixed by section 1471 of the Civil Code, section 4092 of Title 31."

[3] Although appellant did not send the transcript of evidence to this Court, there are some exhibits, among them, receipts for the rental apparently signed by appellant.

796

The judgment rendered by the Superior Court, Mayagüez Part, should be affirmed.